[No. S015712. June 30, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
JEFFREY T. SHELDON, Defendant and Appellant.

## Counsel

Jack Leavitt, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Pat Zaharopoulos, Janelle B. Davis and Robert B. Shaw, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**LUCAS, C. J.**—On December 19, 1985, defendant Jeffrey T. Sheldon was convicted of first degree murder with special circumstances and sentenced to death. On May 15, 1989, we affirmed defendant's guilt conviction in most respects (reversing only his conviction for assault with a deadly weapon), but vacated the judgment of death and remanded to the trial court for redetermination of defendant's application for modification of the death verdict. (*People* v. *Sheldon* (1989) 48 Cal.3d 935, 963 [258 Cal.Rptr. 242, 771 P.2d 1330] [*Sheldon I*].) We observed that the trial court had improperly failed to set forth its reasons for denying modification. (*Id.* at p. 962.) Our judgment read as follows:

"The judgment convicting defendant of assault with a deadly weapon is reversed. The judgment of conviction is affirmed in all other respects but the judgment of death is vacated and the cause remanded to the trial court for the limited purpose of redetermining defendant's application for modification of the verdict in accordance with this opinion. If the trial court, upon application of the appropriate standards, denies the application for modification, it shall reinstate the judgment of death. If it grants the application, it shall enter a judgment of life without possibility of parole. Any subsequent appeal shall

be limited to issues related to the modification application. (See *People* v. *Rodriguez* [1986] 42 Cal.3d 730, 794-795 [230 Cal.Rptr. 667, 726 P.2d 113].)" (*Sheldon I, supra,* 48 Cal.3d at p. 963.)

On May 7, 1990, the trial court held a new hearing on the modification issue and again denied the application to modify. Except for the reversed assault count, the court reaffirmed its previous sentence and remanded defendant to the sheriff for delivery to San Quentin state prison.

It took more than three and one-half years from the date of judgment on remand to secure appellate counsel and obtain the opening brief on the limited issue of modification of sentence. Appellate counsel filed his opening brief with us on January 25, 1994. The Attorney General responded on February 23. Counsel replied to the response on March 15.

According to counsel, defendant, who has been on death row for eight years, believes that a sentence of life imprisonment without possibility of parole would constitute cruel and unusual punishment as applied to him, and defendant requests that we "affirm the judgment imposing the death penalty against him." Appellate counsel recites that defendant wants no more "appeals, writs or motions" filed on his behalf, and instead desires that an immediate execution date be set. Counsel nonetheless has prepared a 33-page brief attacking various procedures leading to the latest death sentence for his client, so that we can "make whatever corrections are necessary to benefit those prisoners who prefer life without the possibility of parole to death. But, this Court should leave defendant's sentence intact. As applied to him, endless imprisonment would amount to perpetual torture, unconstitutionally imposed in defiance of the Eight and Fourteenth Amendments to the federal Constitution."

Appellate counsel also, however, observes that defendant has allowed him to "make a record which could, in case defendant modifies his position, provide some hope of avoiding execution."

In any event, this appeal is automatic (Pen. Code, § 1239, subd. (b)), and we have no authority to allow defendant to waive the appeal (*People* v. *Stanworth* (1969) 71 Cal.2d 820, 833-834 [80 Cal.Rptr. 49, 457 P.2d 889]; see *People* v. *Deere* (1985) 41 Cal.3d 353, 362-364 [222 Cal.Rptr. 13, 710 P.2d 925]). In light of counsel's foregoing remarks, we have carefully and independently reviewed the record to assure ourselves that no errors, procedural or substantive, were committed during the remanded proceeding that might have prejudiced defendant. As will appear, we found no such errors. Counsel's arguments regarding defects in this court's remand order likewise

are without merit and offer no valid reason to set aside the judgment of death rendered by the trial court on remand. Accordingly, we will affirm the judgment.

## FACTS

The facts surrounding defendant's offenses are set forth in our former opinion, and we merely summarize them here. In brief, defendant, during a three-day period in September 1983, (1) threatened and robbed the employees of a restaurant, kidnapping one of them, and (2) kidnapped, robbed, beat, and strangled to death a sixty-year-old man, Norris Neblett (*Sheldon I, supra,* 48 Cal.3d at p. 943.) Aggravating evidence included a 1983 Nevada offense in which defendant had assaulted, robbed, and threatened to kill an elderly couple, the Mahans. (*Id.* at p. 948.) Mitigating evidence included background and character evidence by defendant's relatives, and testimony by a clinical psychologist, Dr. Rath, regarding defendant's childhood disorders, moodiness, chronic sadness, aggression, anxiety, and low tolerance of frustration. (*Ibid.*)

■ At the hearing on remand, the trial court permitted defendant to introduce additional mitigating evidence, without objection by the People. This procedure constituted error (see *People* v. *Brown* (1993) 6 Cal.4th 322, 337 [24 Cal.Rptr.2d 710, 862 P.2d 710] [in ruling on modification motion, court considers only evidence submitted to jury]; *People* v. *Cooper* (1991) 53 Cal.3d 771, 848-849 [281 Cal.Rptr. 90, 809 P.2d 86] [same]), but it was clearly invited by defendant and, indeed, the error could only have benefitted him. The new evidence was limited to *mitigating* matters and included records and letters from San Quentin prison showing defendant's good conduct, his artwork while in prison, and his correspondence with his daughters. Additionally, defendant presented 12 witnesses who urged that his life be spared. These witnesses outlined defendant's frustrating childhood and tense marriage, his current remorse and evident rehabilitation, and his acceptance of responsibility as a parent.

Defendant personally testified at the modification hearing, acknowledging responsibility for his crimes, expressing remorse, and describing his relationship with his daughters, his artwork in prison, and his general rehabilitation. Defendant testified that he has stayed out of trouble while in prison and that the judge "wouldn't be sorry" if he modified defendant's sentence to life imprisonment without parole.

The prosecution offered no additional aggravating evidence. As indicated previously, the trial court denied the motion for modification of sentence

after reviewing on the record the aggravating and mitigating circumstances in the case. The court recited that although defendant had submitted substantial mitigating evidence, both at his trial and at the present modification hearing, the aggravating circumstances in the case, including the brutality and cold-blooded nature of the murder of the 60-year-old victim, the special circumstances in the course of robbery, burglary and kidnapping, and defendant's other crimes (including robbery, kidnapping and assault involving other elderly victims) outweighed the mitigating circumstances. The court concluded by stating that, "The Court feels, considering the details and specifics of these crimes, that they are cold, calculated crimes showing vicious conduct, and that those considerations outweigh the mitigating considerations considering everything that is involved."

## DISCUSSION

On appeal, appellate counsel does not challenge the sufficiency of the trial court's statement of reasons underlying its denial of the modification motion. Our review of the record indicates any such challenge would be rejected, for the trial court's order denying modification carefully sets forth the evidence and states the court's reasons for concluding that the aggravating circumstances outweighed the mitigating ones in the case. (See, e.g., *People* v. *Kaurish* (1990) 52 Cal.3d 648, 716-717 [276 Cal.Rptr. 788, 802 P.2d 278].)

Instead of attacking the trial court's order, appellate counsel faults this court for limiting the remand to a redetermination of defendants application for modification of the verdict in "accordance with this opinion." (*Sheldon I, supra*, 48 Cal.3d at p. 963.) Counsel argues that the reference to our opinion necessarily inhibited the trial court from exercising "an independent determination whether imposition of the death penalty upon the defendant is proper in light of the relevant evidence and the applicable law." (*People* v. *Rodriguez* (1986) 42 Cal.3d 730, 793 [230 Cal.Rptr. 667, 726 P.2d 113].) In other words, according to counsel, because the trial court, on remand, was bound by our legal conclusions as to admissibility and prejudice in *Sheldon I*, no truly independent reevaluation of the jury's verdict was possible.

In counsel's view, our remand order was improper in two ways: First, it assertedly prevented defendant's counsel from offering at the remand hearing any further evidence or argument on "significant issues" resolved against defendant by our opinion. Second, our order necessarily required the trial court to accept our legal conclusions on the harmlessness of certain trial errors, errors which the trial court might otherwise have found improperly affected the jury's verdict.

According to counsel, as a supposed result of the improper "limitation" in our remand order, the trial court was forced to decide the modification issue without considering the effect on the jury of the following asserted rulings or omissions (found by us to be either error-free or, at worst, harmless error): (1) failing to provide the jury with written copies of the instructions (see *Sheldon I, supra*, 48 Cal.3d at pp. 943-945); (2) shackling defendant with leg irons visible to some jurors (*id.* at pp. 945-946); (3) instructing the jury not to consider why other persons, testifying against defendant, were not being prosecuted (*id.* at pp. 946-948); (4) telling the penalty phase jury to "add up all the factors" in deciding penalty (*id.* at pp. 954-956); (5) failing to advise the penalty jury not to double count the circumstances of the charged offense in deciding penalty (*id.* at p. 956); (6) ordering the jury to continue deliberations after being deadlocked 11 to 1 (*id.* at pp. 958-960); and (7) admitting improper "other crimes" evidence against defendant (*id.* at pp. 948, 952-953, 961-962).

Appellate counsel's arguments lack merit. First, counsel places too much emphasis on the literal language of our remand order. The language at issue (directing the court to redetermine the motion "in accordance with [our] opinion") was intended merely to refer the trial judge to our opinion for explanation regarding the reasons for the remand. The language carried no other special implications and is common to other cases in which we have remanded for redetermination of the modification issue. (See, e.g., *People* v. *Lewis* (1990) 50 Cal.3d 262, 292 [266 Cal.Rptr. 834, 786 P.2d 892]; *People* v. *Rodriguez, supra*, 42 Cal.3d at p. 794.)

Second, defendant never previously objected to the terms of our remand order. The point was neither raised on petition for rehearing (see rule 27, Cal. Rules of Court) nor asserted at any time during the remand hearing. Appellate counsel cites no instances in which particular items of mitigating evidence or argument were excluded on this ground at the modification hearing.

Third, assuming our remand order may be construed as requiring the trial court to resolve questions of admissibility and prejudice in accordance with the conclusions in our opinion, we see no reason why such an order should be deemed improper. It is quite appropriate that the trial court, in resolving the modification issue, should be guided by the correct legal principles governing the case, as set forth in our opinion. To the extent that such guidance may interfere with the trial court's independence, such "interference" seems entirely justified. As the People observe, the trial court's obligation was not to substitute its view as to penalty in place of the jury's verdict, but to reweigh the evidence and make an independent determination

whether the weight of the evidence supported that verdict. (*People* v. *Espinoza* (1992) 3 Cal.4th 806, 830 [12 Cal.Rptr.2d 682, 838 P.2d 204], and cases cited.) Such a determination could only be aided by our rulings in *Sheldon I.*

■ Counsel also raises certain asserted flaws in California's capital sentencing procedures, including the failure to define for the penalty phase jury what evidence is "mitigating" and what evidence is "aggravating." (He observes, however, that "the jury's choice of death . . . [in the present case] was a proper response to the evidence and arguments supporting mitigation or aggravation.") Any such substantive contentions are clearly beyond the limited scope of the present appeal. As our remand order states, "Any subsequent appeal shall be limited to issues related to the modification application. (See *People* v. *Rodriguez, supra,* 42 Cal.3d 730, 794-795.)" (*Sheldon I, supra,* 48 Cal.3d at p. 963; see also *People* v. *Brown, supra,* 6 Cal.4th at p. 339, fn. 16.)

The judgment of death is affirmed.

Kennard, J., Arabian, J., Baxter, J., George, J. and Kline, J.,* concurred.

**MOSK, J.**—I dissent.

In *People* v. *Sheldon* (1989) 48 Cal.3d 935 [258 Cal.Rptr. 242, 771 P.2d 1330] (hereafter *Sheldon I*), this court vacated the original judgment imposing a sentence of death for redetermination of the automatic verdict-modification application which the trial court had erroneously denied. I would have reversed the judgment in that regard for various instances of prejudicial misconduct by the prosecutor and prejudicial error by the trial court. (*Id.* at pp. 963-969 (conc. & dis. opn. of Mosk, J.).) On remand, after again denying the automatic verdict-modification application, the trial court reinstated the judgment. The majority now conclude that affirmance is in order. I cannot agree. I adhere to the views I expressed in *Sheldon I*: reversal of the judgment is required insofar as it imposes the sentence of death.

---

*Presiding Justice, Court of Appeal, First Appellate District, Division Two, assigned by the Acting Chairperson of the Judicial Council.